**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Larry Curtis Biebinger,

Petitioner,

v.

State of Minnesota and
Dodge County,

Respondents.

Civil No. 00-1948 ADM/AJB

**ORDER DIRECTING RESPONDENT TO SUPPLEMENT RETURN**

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting violation of his right to a public trial, the State's default based upon failure to file an appellate brief, and a right to vacation of two of three convictions involving the same criminal act. Respondent was previously directed to make a return. The return was to certify the true cause of petitioner's detention and show cause why the writ should not be granted, as supported appropriate affidavits and exhibits. Furthermore, the return was to include a reasoned memorandum of law and fact, fully stating respondent's legal position in regards to the need for evidentiary hearing on the merits. Respondent's return should specifically address the issue of whether the adjudication of petitioner's claims by the Minnesota state courts:

> "resulted in a decision that was contrary to , involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;"

28 U.S.C. § 2254(d)(1). See also Williams v. Taylor, 120 S.Ct. 1495 (2000). Respondent has submitted a return which included the trial and sentencing transcripts, an evidentiary hearing transcript, appellate briefs, and various court orders and decisions. Respondent submitted no

FILED OCT 24 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

written memorandum addressing issues particularly relevant to a federal court's full consideration of the procedural and substantive propriety of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Based upon its preliminary review of the respondent's submissions, including the previous written arguments to the Minnesota appellate courts, the Court finds that additional written memorandum argument is required and hereby directs the respondent to make a supplemental return which shall include written argument and additional supporting exhibits, if any, as necessary to permit this Court to determine:

1. Whether petitioner has exhausted all his state court remedies and otherwise satisfied the procedural prerequisites with respect to any claim that his conviction and incarceration are in violation of Federal law; and

2. whether the adjudication of petitioner's claims by the Minnesota state courts resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law.

Respondent shall file the required memorandum with the Court on or before November 24, 2000.

**IT IS FURTHER ORDERED THAT** upon filing of this Order and documents to be submitted by respondent, petitioner shall await further order of this Court.

Dated: 10/23/00

Arthur J. Boylan
United States Magistrate Judge