**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Larry Curtis Biebinger, Civil No. 00-1948 (ADM/AJB)

Petitioner,

v. **REPORT AND RECOMMENDATION**

State of Minnesota,

Respondent.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petitioner's motion for habeas corpus relief pursuant to 28 U.S.C. § 2254. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner is confined at Minnesota Correctional Facility--Stillwater pursuant to conviction and sentencing in Dodge County District Court. He was convicted by a jury on two counts of first degree criminal sexual conduct, two counts of attempted first degree criminal sexual conduct, and two counts of second degree criminal sexual conduct. The trial court adjudicated the defendant guilty and sentenced him on three charges, i.e. one of the first degree counts, one of the attempted first degree counts, and one of the second degree counts. The prisoner asserts that the trial court violated his constitutional right to a public trial by excluding the public from the courtroom during the testimony of the complaining witness; the trial court erred on remand by relying on the existing record and failing to conduct an evidentiary hearing relating to closure of the courtroom; that the State's failure to submit an appellate brief constitutes default; and that he was improperly convicted and sentenced on three separate charges arising out of the same criminal act. Petitioner contends that this matter should be remanded for new trial. He

FILED JAN 19 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

alternatively argues that the case should be remanded for resentencing with instructions to vacate two of the three convictions.

Respondent opposes petitioner's Section 2254 motion, asserting that petitioner has not shown that he is entitled to relief and is not entitled to an evidentiary hearing. For the reasons stated below, it is recommended that the petition [Docket No. 1] be dismissed with prejudice.

**Background**

Petitioner in this matter is a state prisoner currently incarcerated at the Minnesota Correctional Facility, Stillwater, Minnesota. A Dodge County jury found the him guilty of six counts of criminal sexual conduct by verdict returned on March 17, 1997. The defendant was sentenced on August 14, 1997, on one count of second degree criminal sexual conduct, one count of attempted first degree criminal sexual conduct, and one count of first degree criminal sexual conduct, each relating to incidents involving the defendant's teenage daughter and occurring on unspecified dates between August 1, 1996, and September 25, 1996.

The petitioner was sentenced to an executed prison term of 374 months. The guidelines recommendation for the second degree offense was 58 months; the recommendation on the attempted first degree charge was 43 months; and the recommended sentence on the first degree violation was 86 months.[1] The total time was calculated in accordance with the trial

[1] The 58, 43, and 86 month sentences were based upon convictions for severity level seven, three, and eight offenses, respectively, and total criminal history score of zero under the Minnesota Sentencing Guidelines. The criminal history score was reduced in making sentencing calculations based upon the trial court's decision to sentence consecutively. Minn. Stat. §244 App. II.F.

court's decision to double the guidelines recommendation for each offense and require that the sentences be served consecutively. The trial court found that the dispositional and durational departures were justified by aggravating factors which included defendant's violation of the victim's zone of privacy, the victim's particular vulnerability, the victim being treated with particular cruelty, multiple forms of penetration, and defendant's prior planning and preparation for the crime. The trial court further determined that the defendant was a patterned sex offender and in need of treatment or supervision beyond the presumptive term of imprisonment and supervised release. (Sentencing Tr., pp. 22-23).[2] The statutory maximum sentence for the most serious offense in this case, first degree criminal sexual conduct, is 40 years. (Sentencing Tr., page 3).

**Procedural Status.** Petitioner appealed his convictions and sentence to the Minnesota Court of Appeals in April 1998. In an unpublished opinion dated September 8, 1998,[3] the appeals court reversed the convictions, based upon a determination that the criminal defendant had been denied the right to a public trial. The matter was remanded for new trial. The State petitioned the Minnesota Supreme Court for further review, and in an Order dated October 29, 1998, the Court of Appeals decision was reversed and the case was remanded to the trial court for evidentiary hearing on the issue of whether closure of the courtroom was necessary. Hearing on remand was held on January 21, 1999, but no new testimony was presented and no additional evidentiary record was created. Rather, the trial court heard

---

[2] Sentencing Tr. 47-49. Appendix to Respondent's Memorandum in Opposition to the Writ, (Resp. App., pp. 47-49).

[3] 1998 WL 566823 (Minn. App.)

argument and on February 9, 1999, made findings and issued an Order denying defendant a new trial, based upon the previously existing record.[4] Petitioner again appealed to the Minnesota Court of Appeals, asserting that the trial court erred in failing to hold an evidentiary hearing and finding that courtroom closure was justified by evidence contained in the existing record. Defendant also alleged on appeal that two of his three convictions must be vacated because they all involved the same criminal act. In an unpublished opinion dated December 14, 1999, the Court of Appeals[5] held that evidence in the existing record was sufficient to justify closure, and the record provided no basis for the conclusion that the defendant's three sentences arose out of the same incident or that the meaning of the verdict was in doubt. The Minnesota Supreme Court denied the defendant's petition for further review on February 23, 2000. The present petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254 was filed in United States District Court on August 17, 2000.

**Public Trial**

Two of petitioner's stated grounds for habeas corpus relief relate to his assertion

---

[4] The trial found substantial evidence in the record to support courtroom closure during the testimony of the complaining child witness, as contained within the testimony of Dr. Ruth Matthews. The court found that the witness suffered from post-traumatic stress disorder as a result of sexual abuse; that the child suffered from adjustment disorder with anxiety as a result of being placed in shelter care; that the child was experiencing intrusive recall in the form of flashbacks and was afraid of her father (petitioner) due to threats he had made to her; and that it was unknown how the child would react in the environment of the courtroom due to her susceptibility to decompensation and her inability to recall the abuse scenario. The trial court also found that the defendant did not object to the courtroom closing; that the defendant participated in attempting to have another person removed from the courtroom; and that the closure did not preclude defendant from cross-examination or otherwise impinge upon the fairness of the trial.

[5] 1999 WL 1138470 (Minn. App.)

that he was denied his constitutional right to a public trial. The first claim alleges that courtroom closure during the testimony of the 15 year old complainant was not justified either by evidence in the record or a lack of reasonable alternatives to closure. His second closure related claim alleges that the trial court erred in finding that the existing record justified closure without conducting an evidentiary hearing, and receiving new evidence, as required by the Minnesota Supreme Court.

The constitutional requirement of public trial arises explicitly under the Sixth Amendment as a means for protecting the rights of the accused and implicitly as a First Amendment right of the press, which further allows the public to see that the accused is given fair and just treatment and ensures that judges, prosecutors, witnesses and others perform their duties properly and with a keen sense of responsibility. United States v. Farmer, 32 F.3d 369, 371 (8th Cir. 1994) citing Waller v Georgia, 467 U.S. 39, 46, 104 S.Ct. 2210, 2215 (1984). A party seeking closed hearing "must advance an overriding interest that it likely to be prejudiced, the closure must be no broader than necessary to protect that interest, and the trial court must consider reasonable alternatives to closing the proceedings, and it must make findings adequate to support the closure." Farmer at 371, quoting Waller, 104 S.Ct. at 2216. However, partial closure of a court proceeding at the request of one party does not implicate the same concerns about secrecy and fairness as total closure and therefore requires only a "substantial reason" rather than an "overriding interest" to justify closure. Farmer at 371, citing Woods v. Kuhlmann, 977 F.2d 74, 76 (2nd Cir. 1992). Furthermore, under Eighth Circuit law specific findings by the trial court are not required if sufficient support for temporary partial closure can be gleaned from the existing record. Farmer at 371. This Court's review on the right to public trial issue is

conducted on an abuse of discretion standard. Id.

As a matter of federal law there is no requirement that an evidentiary hearing be held to determine whether the partial courtroom closure was justified in this instance, and this Court need not look beyond the record as it stands. Indeed, explicit findings by the trial court are not necessary, though they do provide support for this Court's determination that there was no abuse of discretion by the trial court in its limited exclusion of the public from the trial examination of the sex abuse victim. The record of the state court proceedings in this matter clearly indicates that the witness was a 15-year-old girl who suffered from post-traumatic stress disorder as a result of sexual abuse, (Trial Trans. 303),[6] suffered from adjustment disorder with anxiety, (Tr. 270), and was experiencing intrusive recall in the form of flashbacks and was afraid of [the defendant] due to threats he had made to her. (Tr. 251). In addition, it was unknown how the child would react in the environment of the courtroom due to her susceptibility to decompensation and her inability to recall the abuse scenario. (Tr. 290). The witness's age, the nature of the offense, and the victim's well-reasoned fear of the defendant are abundant evidence to support the trial court's decision to close the courtroom during the victim's testimony. See Farmer at 372. Finally, with respect to the claim that this Court should enforce an Order of the Minnesota Supreme Court advising the trial court to hold an evidentiary hearing, the Court declines to mandate a proceeding that is uniquely a matter of state court concern and is not compelled by constitutional principles or other federal law.[7]

---

[6] Testimony of Dr. Ruth Matthews, Ph.D., licensed clinical psychologist. (Tr. 227-339).

[7] It can reasonably be argued that an evidentiary hearing did occur. A hearing was held before the Court. The defendant was represented by counsel and appeared by phone. No new

**Multiple Convictions**

Petitioner alleges that two of three convictions for criminal sexual conduct for which he was sentenced should be vacated because they involved the same criminal act. He was sentenced to consecutive terms of 116 months for criminal sexual conduct in the second degree; 86 months for attempted first degree criminal sexual conduct; and 172 months for first degree criminal sexual conduct.[8] The charges in this case were stated in terms of conduct occurring over a period of time between August 1, 1996, and September 25, 1996. Evidence was presented at trial with regard to several specific and discrete incidents which occurred over that period of time, but the jury instructions and separate verdict forms did not identify a particular incident with respect to each count. See State v. Biebinger, 1999 WL 1138470 (Minn. App.)(unpublished opinion). The Minnesota Court of Appeals found that under the circumstances of this case there was no doubt as to the meaning of the verdict. The appeals court further held that there was no basis for concluding that the three convictions on which the defendant was sentenced arose out of the same behavioral incident and there was no error in convicting the petitioner on multiple offenses. Id.

---

testimony was presented, but previously received evidence was offered and cited from the trial transcript. Defendant was not denied the opportunity to present new opposition evidence and had opportunity at trial to cross-examine the relevant witness regarding testimony relied upon by the prosecution to justify courtroom closure. The Minnesota Supreme Court did not order that the record be supplemented. State v Biebinger, 585 N.W.2d 384 (1998).

[8] Each term represents a double durational departure from the Minnesota Sentencing Guidelines recommended sentence. Petitioner does not assert a claim attacking the double durational sentences, and he also does not challenge the consecutive sentencing, except, of course, to the extent that vacation of two out of three convictions would eliminate consecutive sentencing as an issue.

Examination of the petitioner's Section 2254 pleadings, including his brief in support of the application for a writ, fails to reveal either any specific federal claim or any allegations which might be construed as claims entitling the prisoner to habeas corpus relief under federal law. A state prisoner's petition for writ of habeas corpus by may be entertained by a federal court "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254. Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994). Furthermore, even federal a claim may not be advanced under Section 2254 if those claims have not been presented to the state courts. Indeed, even if applicable state law bears some relationship to federal law, a habeas petitioner must explicitly cite to the United States Constitution or federal case law to preserve federal review. Morris v. Norris, 83 F.3d 268, 270 (8th Cir. 1996). The argument on multiple convictions contained in the petition is based entirely upon Minnesota statute and Minnesota case law. Review of petitioner's briefs in his state court appeals indicates that he relied solely upon state law in those proceedings and made no references to the United States Constitution or federal law. Likewise, in its rejection of the claim the Minnesota Court of Appeals made no reference to federal law and cited no federal authority. State v. Biebinger, 1999 WL 1138470. See Morris v Norris at 270. Petitioner's claim that two of his three convictions must be vacated fails to allege violation of federal law and may not be considered on federal habeas review.

**State's Failure to File Appellate Brief**

Petitioner alleges that the State's failure to file a brief with the Minnesota Court of Appeals somehow constitutes a waiver and default on all issues raised in the first appeal. The unpublished decision rendered by the Court of Appeals noted that, "[t]he state did not file a

responsive brief in this appeal. Therefore, no argument has been presented supporting the closure or claiming the issue has been waived." State v Biebinger, 1998 WL 566823 (Minn. App.). The Court of Appeals decision was reversed by the Minnesota Supreme Court. State v Biebinger, 585 N.W.2d 384 (1998). The consequences of the State's failure to file an appellate brief is strictly a matter of Minnesota appellate procedure and carries no implications whatsoever in this federal habeas corpus proceeding. Furthermore, and as the Court of Appeals decision correctly recites, the sanction against a party for failing to file a brief is denial of oral argument to the court. Minn. R. Civ. App. P. 128.02. The contention that the State defaulted by failing to file written argument, and petitioner must therefore prevail, is absolutely without merit.

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the petition for writ of habeas corpus [Docket No. 1] be **dismissed with prejudice**.

Dated: 1/19/01

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before January 31, 2001. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.