**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Larry Curtis Biebinger, Sr.,

Petitioner,

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1948 ADM/AJB

v.

State of Minnesota,

Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Larry Curtis Biebinger's Objection [Doc. No. 11] to the Report and Recommendation ("R&R") of United States Magistrate Judge Arthur J. Boylan. The R&R, dated January 19, 2001 [Doc. No. 10], recommends that the Petition for a Writ of Habeas Corpus [Doc. No. 1] be dismissed with prejudice. For the reasons set forth below, the R&R is adopted in its entirety.

## II. BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated by reference for purposes of the present objections.

## III. DISCUSSION

### A. Standard of Review

A district court must make an independent, de novo evaluation of those portions of an R&R to which objection is made and may accept, reject or modify, in whole or in

MAR 2 1 2001
FILED ________
FRANCIS E. DOSAL, CLERK 2001
JUDGMENT ENTD ________
DEPUTY CLERK ________

part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C) and 72.1(c)(2).

**B. Habeas Corpus**

To prevail on a Writ of Habeas Corpus, a prisoner must show a "substantial infringement of a constitutional right." *Albers v. Ralston*, 665 F.2d 812, 815 (8th Cir. 1981) (quoting *Willis v. Ciccone*, 506 F.2d 1011, 1019 (8th Cir. 1974)). Petitioner claims that his constitutional right to a public trial was violated by closing the courtroom during the testimony of the fifteen-year-old victim. Objections at 1-2. Petitioner argues that the court did not make findings that closure was necessary, the record did not support closure, and the court failed to consider alternatives to closure. *Id.* at 5-8. Additionally, Petitioner claims that he was improperly convicted and sentenced on three separate charges arising out of the same criminal act. *Id.* at 9-10. Finally, Petitioner argues that the state government's failure to submit an appellate brief constitutes default. *Id.*

**1. Courtroom Closure**

The right to a public trial is not absolute. *Waller v. Georgia*, 467 U.S. 39, 45 (1984). Although there is a presumption in favor of open trials, trial judges have the discretion to limit access to a trial in the interest of the fair administration of justice. *Bell v. Evatt*, 72 F.3d 421, 433 (4th Cir. 1995). To prevent a constitutional violation, the court must determine that (1) the closure "advance[s] an overriding interest that is likely to be prejudiced," (2) "the closure must be no broader than necessary to protect that interest," (3) "the trial court must consider reasonable alternatives to closing the proceeding," and (4) there "must be findings adequate to support the closure." *United States v. Farmer*, 32

F.3d 369, 371 (8th Cir. 1994) (quoting *Waller*, 467 U.S. at 48). In the present case, Petitioner is only contesting elements three and four, asserting that the trial court did not consider alternatives to closure and did not make adequate findings regarding the closure. Objections at 1-8.

On February 9, 1999, the State of Minnesota District Court in Dodge County held that the courtroom closure was justified by evidence contained in the existing record. *Minnesota v. Biebinger*, No. K4-96-527, slip op. at 1-2 (Minn. Dist. Ct. Feb. 9, 1999). Based on expert testimony at the original trial, the Dodge County Court held that "the child victim suffered from post-traumatic stress disorder as a result of sexual abuse," "adjustment disorder with anxiety as a result of being placed in shelter care," and "was experiencing intrusive recall of flashbacks and nightmares and was afraid of her father [Petitioner] due to threats he had made to her." *Id.* The court also found that there was risk that the child victim could "decompensate and become psychologically unable to recall the abuse scenario." *Id.* Relying on these reasons, the court found it necessary to close the trial during the testimony of the child victim. *Id.* The Minnesota Court of Appeals affirmed this order denying Petitioner's request for a new trial on December 14, 1999. *Minnesota v. Biebinger*, No. C1-99-439, 1999 WL 1138470 (Minn. Ct. App. Dec. 14, 1999). The court's findings were adequate to support either a total or a partial closure of the courtroom.

Petitioner's other claim, that alternatives were not considered, also lacks support in the record. Only two people were asked to leave the courtroom during the child victim's testimony. *Minnesota v. Biebinger*, slip op. at 5. That closure is more

appropriately termed a partial closure because of the individuals excluded and the duration of the closure. Considering the child victim's age and vulnerability, the actual closure was limited. It is apparent from the record that there were no better alternatives available that would have adequately protected the child victim's interests and resulted in a more limited closure.

**2. Multiple Convictions**

Petitioner also claims that he was illegally convicted more than once for the same crime. Objections at 9. His claim fails, however, because his pleadings in this motion fail to allege violation of a federal law as required by 28 U.S.C. § 2254. Moreover, Petitioner failed to preserve the issue for federal review. Earlier, when the Minnesota Court of Appeals held that there was no basis for concluding that the three convictions on which Petitioner was sentenced arose out of the same incident, Petitioner did not assert a claim under the United States Constitution. Instead, he relied solely on Minnesota state law. *See Minnesota v. Biebinger*, 1999 WL 1138470, *2-3. A state prisoner does not have the right to complain about a constitutional violation in a writ of habeas corpus if he has not previously presented the federal constitutional claim to the state courts. *Morris v. Norris*, 83 F.3d 268, 270 (8th Cir. 1996); 28 U.S.C. § 2254. A habeas petitioner must explicitly cite to the United States Constitution or federal law in the state proceeding to preserve federal review. *Morris*, 83 F.3d at 270. Petitioner's Writ of Habeas Corpus on this issue cannot be considered by this Court because he failed to raise it previously in state court.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT:**

The Petition for a Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED** with prejudice[1].

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

[signature]

JUDGE ANN D. MONTGOMERY
UNITED STATES DISTRICT COURT

Dated: March 20, 2001

---

[1]Because Petitioner did not object to the R&R's dismissal of his claim regarding the State's waiver by not filing a brief in the state appeal, this claim is dismissed without discussion.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.