**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

LARRY CURTIS BIEBINGER,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 00-1948 (ADM/AJB)

**MEMORANDUM AND ORDER**

**INTRODUCTION**

Petitioner commenced this action by filing a habeas corpus petition challenging his 1997 state court convictions for criminal sexual conduct. He claims that the "trial court violated [his] constitutional right to a fair trial by closing the courtroom" while the minor victim testified. (Petition, [Docket No. 1], p. (5).) The matter was assigned to Magistrate Judge Arthur J. Boylan, who recommended that Petitioner's habeas petition be dismissed with prejudice. (Report and Recommendation ["R&R"] dated January 19, 2001, [Docket No. 10].) Petitioner filed objections to the R&R, (Docket No. 11), which prompted this Court to conduct a de novo review of the case. By order dated March 20, 2001, (Docket No. 12), the Court rejected Petitioner's objections, and held that the action should be dismissed with prejudice.

On April 19, 2001, Petitioner filed a notice of appeal. (Docket No. 14.) He also filed a separate "Application For Certificate of Appealability," (Docket No. 15), which is now before the Court. For the reasons discussed below, Petitioner's request for a Certificate of Appealability will be DENIED.

FILED APR 30 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## DISCUSSION

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S.Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, reasonable jurists might have different opinions about the difficult issue that confronted the trial court judge – i.e., how best to safeguard both the minor victim's welfare and

Petitioner's right to a fair trial. However, given the record in this matter, as developed pursuant to the State Supreme Court's remand order, this Court does not believe that reasonable jurists could disagree about the constitutionality of the trial court's resolution of that issue. Thus, the Court concludes that Petitioner has not made "a substantial showing of the denial of a constitutional right," and that he is not entitled to a COA in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's "Application For Certificate of Appealability, (Docket No. 15), is DENIED.

Dated: ~~May~~ April 30, 2001

ANN D. MONTGOMERY
United States District Court Judge