**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

LARRY CURTIS BIEBINGER,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 00-1948 (ADM/AJB)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 17.) That application will be GRANTED.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In the instant case, Petitioner's IFP application shows that he is not employed, he is not receiving any income from any source, and his only asset is $26.49 in his prisoner trust account. Based on that information, the Court finds that Petitioner is financially eligible for IFP status.

MAY 0 7 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Although the Court finds no merit in the claims that Petitioner seeks to raise on appeal, those claims do not appear to be legally frivolous, as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is found to be taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 17), is GRANTED.

Dated: May 7, 2001

ANN D. MONTGOMERY
United States District Court Judge

[1] As a practical matter, it is unlikely that allowing Petitioner to proceed in forma pauperis will have any real significance in this case. At present, his appeal cannot go forward, because the Court has previously denied his request for a certificate of appealability, ("COA"), which is required by 28 U.S.C. § 2253(c)(1)(A) and Fed. R. App. P. 22(b)(1). (See Order dated April 30, 2001; [Docket No. 16].) Finding that Petitioner's appeal is taken in good faith (for IFP purposes) is not inconsistent with the Court's previous determination that he failed to make "a substantial showing of the denial of a constitutional right" (for COA purposes). See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a [COA]").